**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY, | ) CASE NO.:  2:25-cv-04530-DCN<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) **DECLARATORY JUDGMENT** |
| vs. | ) **COMPLAINT**<br>) |
| DALY & SAWYER CONSTRUCTION, INC., PAUL LOPEZ, AS TRUSTEE OF BIRMINGHAM PLKL TRUST; PAUL LOPEZ, INDIVIDUALLY, KATHERINE LOPEZ, INDIVIDUALLY, A.B. EVANS CONCRETE & HAULING, INC., A C HEATING AND AIR CONDITIONING SERVICE, INC., ENERGY ONE AMERICA, LLC, GILCHRIST MASONRY INC., C.A.M.B. STUCCO, LLC, SKYLINE ROOFING, INC., and ST. PIERRE CONSTRUCTION, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff, American Builders Insurance Company ("Builders"), by and through its undersigned counsel, hereby states the following as its complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

1.      Pursuant to 28 U.S.C. § 2201 and Rule 57, FRCP, Builders seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under certain policies of insurance with respect to claims of damages which have arisen as a result of a construction project located at 2619 Bayonne Street, Sullivans Island, South Carolina, which is the subject of a matter pending in the Court of Common Pleas, County of Charleston, State of South Carolina, Ninth Judicial Circuit titled *Paul Lopez, as Trustee of Birmingham PLKL Trust, et al. vs.*

*Daly & Sawyer Construction, Inc..,* C/A No. 2023-CP-10-00718, involving construction defect allegations (the "Underlying Lawsuit"). A copy of the complaint filed in the Underlying Lawsuit is attached as Exhibit A.

## JURISDICTION

2.      Jurisdiction over the claims, subject matter and parties contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

3.      This Court has personal jurisdiction over the Defendants pursuant to S.C. Code Ann. § 36-2-803 because, among other things, Defendants were conducting business in the State of South Carolina, contracting to supply services in the State of South Carolina, and the facts and circumstances giving rise to the claim that is the subject of this action occurred in South Carolina.

## VENUE

4.      This action properly lies in the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the work performed on the project lies in this judicial district; the underlying action is pending in this judicial district; the parties are subject to personal jurisdiction in the state of South Carolina; and a substantial part of the events giving rise to this declaratory judgement action occurred in this judicial district. Thus, venue is proper in this judicial district.

## PARTIES

5.      This matter is a declaratory judgement action, pursuant to 28 U.S.C. §2201 *et. seq.* and Rule 57, FRCP, seeking a declaration by as to the rights and obligations of the parties herein pursuant to policy of insurance sold by Builders to Daly & Sawyer Construction, Inc. ("Daly & Sawyer").

6.      Builders is an insurance company organized and existing under the laws of the state of Delaware, is licensed to sell policies of insurance in the state of South Carolina, and it maintains its principal place of business in Georgia.

7.      Daly & Sawyer is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Charleston, South Carolina.

8.      Nothing contained herein is to be construed as being in support of the allegations against Daly & Sawyer in the Underlying Lawsuit.

9.      Defendant Paul Lopez as Trustee of Birmingham PLKL Trust is a citizen and resident of Charleston County, South Carolina.  Builders seeks no separate relief or judgment from this Defendant, but only seeks to bind him to the outcome of this coverage dispute.

10.      Defendant Paul Lopez is a citizen and resident of Charleston County, South Carolina.  Builders seeks no separate relief or judgment from this Defendant, but only seeks to bind him to the outcome of this coverage dispute.

11.      Defendant Katherine Lopez is a citizen and resident of Charleston County, South Carolina.  Builders seeks no separate relief or judgment from this Defendant, but only seeks to bind her to the outcome of this coverage dispute.

12.      Defendant A.B. Evans Concrete & Hauling, Inc. ("A.B. Evans") is a corporation organized and existing under the laws of the State of South Carolina. Builders seeks no separate relief or judgment from this Defendant, but only seeks to bind it to the outcome of this coverage dispute.

13.      Defendant AC Heating and Air Conditioning Service, Inc. ("AC Heating and Air") is a corporation organized and existing under the laws of the State of South Carolina. Builders

seeks no separate relief or judgment from this Defendant, but only seeks to bind it to the outcome of this coverage dispute.

14.     Defendant Energy One America, LLC is a limited liability company organized and existing under the laws of the State of South Carolina. Builders seeks no separate relief or judgment from this Defendant, but only seeks to bind it to the outcome of this coverage dispute.

15.     Defendant Gilchrist Masonry, Inc. ("Gilchrist") is a corporation organized and existing under the laws of the State of South Carolina. Builders seeks no separate relief or judgment from this Defendant, but only seeks to bind it to the outcome of this coverage dispute.

16.     Defendant C.A.M.B. Stucco, LLC ("C.A.M.B.") is a limited liability company organized and existing under the laws of the State of South Carolina. Builders seeks no separate relief or judgment from this Defendant, but only seeks to bind it to the outcome of this coverage dispute.

17.     Defendant Skyline Roofing ("Skyline") is a company organized and existing under the laws of the State of South Carolina. Builders seeks no separate relief or judgment from this Defendant, but only seeks to bind it to the outcome of this coverage dispute.

18.     Defendant St. Pierre Construction ("St. Pierre") is a company organized and existing under the laws of the State of South Carolina. Builders seeks no separate relief or judgment from this Defendant, but only seeks to bind it to the outcome of this coverage dispute.

## FACTUAL ALLEGATIONS

19.     On February 14, 2023, Paul Lopez, as Trustee of the Birmingham PLKL Trust, Paul Lopez, individually, and Katherine Lopez, individually, filed a lawsuit against Daly & Sawyer Construction, Inc., in the Charleston County Court of Common Pleas entitled *Paul Lopez, as*

*Trustee of Birmingham PLKL Trust, et al. vs. Daly & Sawyer Construction, Inc..,* C/A No. 2023-CP-10-00718. *See* Exhibit A.

20.     According to the Complaint, Paul and Katherine Lopez hired Daly & Sawyer to construct their single-family residence located at 2619 Bayonne Street on Sullivans Island, South Carolina (the "residence"). *Id.* at 2-3.

21.     According to the Complaint, the residence contained many latent building defects at the time the Certificate of Occupancy was issued. *Id.* at 3.

22.     According to the Complaint, the building defects at the residence have since resulted in repeated and severe moisture intrusion damage and other damages to said property. *Id.*

23.     According to the Complaint, a preliminary inspection of the residence evidenced improperly designed and improper use of building products for the design and environment surrounding the residence, improperly installed cladding, improperly installed windows and doors, improper weather-lapping of building products, improper installation of flashing, improper installation of masonry, improper insulation, improper waterproofing, improper integration of eaves, improper installation of HVAC system, and various other defects. *Id.*

24.     In the Complaint, the Lopez's brought claims of Negligence/Gross Negligence, Breach of Warranties, and Unfair Trade Practices against Daly & Sawyer. *See generally,* Exhibit A.

25.     With regard to the Negligence/Gross Negligence claim, the Lopez's allege Daly & Sawyer was negligent, grossly negligent, careless, willful, and wanton in one or more of the following particulars: (a) in failing to construct the Property with adequate flashing; (b) in failing to construct the Property with adequate water/moisture barriers; (c) in failing to select, provide and install proper and adequate water/moisture barriers and waterproofing; (d) in failing to improperly

install cladding; (e) in failing to properly install windows and doors; (f) in failing to properly weather-lap building products; (g) in failing to properly install masonry; (h) in failing to properly select and install insulation; (i) in failing to properly integrate eaves; (j) in failing to properly install the HVAC system; (k) in failing to properly select products and materials for use on the property; (l) in failing to properly apply materials and related products; (m) in failing to properly select, install or construct various building components; (n) in failing to construct the property in accordance with due care and in accordance with standard building practices; (o) in failing to construct said property in accordance with the building code; (p) in failing to properly supervise the work and construction of said property; (q) in failing to hire competent subcontractors and specialty contractors; (r) in failing to construct the residence with an adequate exterior building envelope; (s) in failing to properly coordinate subcontractors; (t) in failing to act as a reasonable person would in the circumstances then and there prevailing; (u) in failing to provide a defect free product; and (v) in place a defective product into the stream of commerce. *Id.* at 4-5.

26.     In the Complaint, the Lopez's seek to recover actual damages, consequential damages, statutory damages, punitive damages, costs and expenses of the lawsuit, and prejudgment interest. *Id.* at 6.

27.     On March 17, 2023, Daly & Sawyer filed an Answer to the Lopez's Complaint. *See* Answer, attached hereto as <u>Exhibit B</u>.

28.     On March 21, 2023, Daly & Sawyer filed an Amended Answer and Third-Party Complaint. *See* Amended Answer and Third-Party Complaint, attached hereto as <u>Exhibit C</u>.

29.     On January 8, 2025, Daly & Sawyer filed a Second Amended Third-Party Complaint against the following subcontractors that it hired to work on the residence: A.B. Evans, AC Heating and Air, Energy One America, Gilchrist, C.A.M.B. Stucco, Skyline Roofing, and St.

Pierre Construction. *See* Second Amended Answer and Third-Party Complaint, attached hereto as Exhibit D.

**POLICIES**

30.     Builders issued the following package policies to Daly & Sawyer:  PKG 0004972 14, with effective dates of November 3, 2017 to November 3, 2018, and PKG 0004972 15, with effective dates of November 3, 2018 to November 3, 2019. True and accurate copies of the policies are attached hereto as Exhibit E. The policies provide $1 million limits per occurrence and $2 million limits in the aggregate.

31.     Builders is currently defending Daly & Sawyer subject to a complete reservation of rights. *See* ROR Letters, attached hereto as Exhibit F.

**FOR A FIRST CAUSE OF ACTION**
**Declaratory Judgment**
**(Mold/Fungi Exclusions)**

32.     Builders incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

33.     The investigation in the Underlying Lawsuit revealed significant mold issues, which resulted in remediation work performed by multiple mold remediation companies. *See* Cost of Repair, attached hereto as Exhibit G.

34.     Builders would show that the Policies provide only limited fungi/mold coverage, with $2,500 diminishing limits and a $2,000 deductible, for any qualifying "property damage" found against Daly & Sawyer and/or its subcontractors that would not have occurred, but for the threatened existence of mold and fungi.

35.     In the event there is any qualifying "property damage," Builders will show that any such "property damage" is barred by the Fungi and Bacteria Exclusion (CG 21 67 12 04) and the

Limited Fungi or Bacteria Coverage (GL FB 01 09) because there is no coverage for "property damage" found against Daly & Sawyer and its subcontractors which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within the building or structure, including its contents, regardless of whether any cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

36.     In the event there is any qualifying "property damage," Builders will show that any such "property damage" is barred by the Fungi and Bacteria Exclusion (CG 21 67 12 04) and the Limited Fungi or Bacteria Coverage (GL FB 01 09) because there is no coverage for "property damage" found against Daly & Sawyer and its subcontractors for any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effect of, "fungi" or bacteria, by any insured or by any other person or entity.

37.     In the event there is any qualifying "property damage," Builders will show that the Limited Fungi or Bacteria Coverage (GL FB 01 09) provides only limited fungi/mold coverage that is subject to $2,500 diminishing limits, which includes defense expenses and other costs.

38.     In the event there is any qualifying "property damage," Builders will show that the $2,500 diminishing limits set forth in Limited Fungi or Bacteria Coverage (GL FB 01 09) have already been exhausted, thereby relieving Builders of any obligation to indemnify Daly & Sawyer for mold-related damages.

**FOR A SECOND CAUSE OF ACTION**
**Declaratory Judgment**
**(Total Pollution Exclusion)**

39.     Builders incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

40.     The investigation in the Underlying Lawsuit revealed significant mold issues, which resulted in remediation work performed by multiple mold remediation companies. *See* Exhibit G.

41.     The Policies do not provide coverage for any qualifying "property damage" which would not have occurred in whole or in part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

42.     The Policies do no provide coverage for any loss, cost or expense arising out of request, demand, or order that Daly & Sawyer or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, or in any way responds to, or assess the effect of "pollutants."

43.     In the event there is any qualifying "property damage," Builders will show that any such "property damage" is barred by the Total Pollution Exclusion (CG 21 65 12 04)  because there is no coverage for property damage which would not have occurred in whole or in part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

44.     In the event there is any qualifying "property damage," Builders will show that any such "property damage" is barred by the Total Pollution Exclusion (CG 21 65 12 04)  because there is no coverage for any loss, cost or expense arising out of request, demand, or order that Daly & Sawyer or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, or in any way responds to, or assess the effect of "pollutants."

## FOR A THIRD CAUSE OF ACTION
### Declaratory Judgment
### (Professional Services Exclusions)

45.     Builders incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

46.     According to the Complaint, Daly & Sawyer failed to complete the project in accordance with the applicable building code, state law, good design and in conformance with the manufacturer's instructions and industry standards.

47.     The Policies do not provide coverage for any qualifying "property damage" arising out of the rendering of or the failure to render any professional services as a result of Daly & Sawyer providing engineering, architectural, or surveying services in Daly & Sawyer's capacity as an engineer, architect, or surveyor or by providing such services through hiring independent professionals to provide engineering, architectural, or surveying services in connection with Daly & Sawyer's work.

48.     Likewise, the Policies do not provide coverage for any qualifying "property damage" arising from professional services including, but not limited to, approving or failing to approve drawing and specifications, as well as any inspection or quality control activities done by, or for, Daly & Sawyer on a project.

49.     Builders would show that any qualifying "property damage" found against Daly & Sawyer that relates to any professional services by Daly & Sawyer is excluded under the Engineers, Architects or Surveyors Professional Liability Exclusion (Form CG 22 43 07 98), Contractors Professional Liability Exclusion (Form CG 22 79 04 13), and the Construction Management Errors and omissions Exclusion (Form 22 34 04 13).

50. As such, Builders seeks a binding declaration from the Court that Engineers, Architects or Surveyors Professional Liability Exclusion (Form CG 22 43 07 98), Contractors Professional Liability Exclusion (Form CG 22 79 04 13), and Construction Management Errors and omissions Exclusion (Form 22 34 04 13) in the Policy bars coverage in the Underlying Action, and therefore, Builders has no duty to defend and indemnify Daly & Sawyer in the Underlying Action.

**FOR A FOURTH CAUSE OF ACTION**
**Declaratory Judgment**
**(Resultant Damage vs. Faulty Work)**

51. Builders incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

52. The damages alleged in the underlying lawsuit do not constitute "property damage" caused by an "occurrence" as defined by the Builders' policy.

53. Builders seeks a binding declaration from this Court that repair costs associated with a finding of defective or faulty work by Daly & Sawyer and/or its subcontractor does not meet the policy's definition of "property damage" caused by an "occurrence" and are excluded under the Resulting Damage Coverage endorsement (Form GL RFWE 10 13).

54. Builders seeks a binding declaration from this Court that the loss of use damages associated with a finding of defective or faulty work by Daly & Sawyer and/or its subcontractor are excluded under the Resulting Damage Coverage Endorsement (Form GL RFWE 10 13).

55. Builders seeks a binding declaration from the Court that it does not owe a duty to defend or indemnify because the damages in the underlying lawsuit do not constitute "property damage" caused by an "occurrence" as defined by the Policy and South Carolina law.

56.     If the Court determines Builders has a duty to defend and/or indemnify, which is denied, Builders seeks a declaration allocating any damages found against Daly & Sawyer and/or its subcontractors relating to its scope of work at the project be allocated into categories of (1) improper work, and (2) resulting damages.

57.     If the Court determines Builders has a duty to defend and/or indemnify, which is denied, Builders seeks a declaration of the dollar amount of damages that meet the definition of "property damage" caused by an "occurrence."

58.     If the Court determines Builders has a duty to defend and/or indemnify, which is denied, Builders seeks a binding declaration from this Court that any damages meeting the definition of "property damage" and not otherwise excluded and/or limited by any applicable policy exclusions or limiting endorsements under the Builders' policy must be applied to a time-on-risk analysis to determine which of those damages fall within the policy period.

**FOR A FIFTH CAUSE OF ACTION**
**Declaratory Judgment**
**(Additional Exclusions)**

59.     Builders incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

60.     Builders would show any such property damage is excluded by the Expected or Intended Exclusion to the extent that it was expected or intended from the standpoint of the insured.

61.     Builders would show that any qualifying "property damage" is excluded by the Contractual Liability Exclusion to the extent that Daly & Sawyer is obligated to pay such damages by reason of the assumption of liability in a contract or agreement.

62.     Builders would show that any qualifying "property damage" is excluded by Exclusions j(5) and j(6) because there is no coverage for damage to that particular part of real

property on which Daly & Sawyer and/or its subcontractors were performing operations, if the "property damage" arose out of those operations.

63.     Builders would show that any qualifying "property damage" is excluded by Exclusions j(5) and j(6) because there is no coverage for any "property damage" that must be restored, repaired, or replaced because of Daly & Sawyers and/or its subcontractors incorrect or faulty work.

64.     Builders would show that any qualifying "property damage" is excluded by Exclusions K – N because there is no coverage to repair Daly & Sawyer and/or its subcontractor's work or product or for damage to materials, parts or equipment furnished in connection with products handled or sold by Daly & Sawyer and/or its subcontractor.

65.     Builders would show that any other damages and costs claimed in the Underlying Action including, but not limited to, punitive damages and attorneys' fees, that do not meet the definition of "property damage" and are not caused by an "occurrence," are not covered under the Policy.

66.     Builders would show that the Policy excludes payment of attorneys' fees and expenses taxed against Daly & Sawyer under the Supplementary Payments section of the Policy.

67.     Builders seeks a binding declaration from this Court that any damages meeting the definition of "property damage" and not otherwise excluded and/or limited by any applicable policy exclusions or limiting endorsements under the Builders' policy must be applied to a time-on-risk analysis to determine which of those damages fall within the policy period.

68.     Builders would show that any property damage found against Daly & Sawyer that is found to fall under any applicable policy exclusion(s) or limiting endorsement(s) in the Policy

13

are excluded and/or limited. Builders reserves its right to identify additional exclusion(s) and endorsement(s) not explicitly mentioned herein that may exclude or limit coverage.

69.     Builders, therefore, seeks a declaration from the Court that the Policy does not require Builders to defend and indemnify Daly & Sawyer with respect to the claims against it in the Underlying Action.

WHEREFORE, having fully set forth its claims, Builders prays for relief as follows:

1.  For a declaration of the rights and obligations of the parties herein;

2.  For a declaration that Builders does not owe a duty to defend Daly & Sawyer in the Underlying Lawsuit;

3.  For a declaration that Builders does not owe a duty to indemnify Daly & Sawyer and/or its subcontractors in the Underlying Lawsuit;

4.  In the alternative, for a declaration that determines which damages, if any, trigger the duty of indemnity under the Builders' policy;

5.  For the court to determine the dollar amount of damages, if any, due under the relevant Builders' policy after conducting an analysis of the damages to determine which damages, if any, from the underlying lawsuit meet the requirements of the insuring agreement, are not excluded or limited by exclusions or endorsements, and that are property damage caused by an occurrence during the policy subject to a time-on-risk analysis; and

6.  For any and all other relief this Court deems just and proper.

*~ signature page to follow ~*

14

ETHRIDGE LAW GROUP, LLC


By: *s/ Mary S. Willis*
    MARY S. WILLIS
    Federal Bar No.: 12388
    R. MICHAEL ETHRIDGE
    Federal Bar No.: 7497
    1100 Queensborough Blvd., Suite 200
    Mount Pleasant, SC 29464
    843-614-0007
    mwillis@ethridgelawgroup.com
    methridge@ethridgelawgroup.com

    *Attorneys for Plaintiff American Builders
    Insurance Company*